<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  | : |  |
|---|---|---|
| NILESH KEDIA, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 06-6054 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| ALAN JAMAL and VINIT KESHARI, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**BROWN, Chief Judge**

This matter comes before the Court upon Plaintiff Nilesh Kedia's Motion for Remand. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will deny Kedia's Motion for Remand.


## I.  BACKGROUND

### A.  The Parties

Kedia is a citizen of India admitted to the United States for permanent residence and domiciled in New Jersey.  (Pl.'s Reply Br. at 2.)  Alan Jamal is an American citizen domiciled in Massachusetts.  (Defs.' Br. at 4.)  Vinit Keshari is a citizen of India admitted to the United States on non-permanent, immigration work status.  (Keshari Aff. and attached exhibits.)  Keshari is

1

domiciled in New Jersey.  (Compl. ¶ 4.)

### B.  The Present Action

On November 8, 2006, Kedia filed the present lawsuit in the Superior Court of New Jersey, Mercer County, Law Division, seeking damages for defamatory statements and other disparaging remarks the defendants allegedly made about him and his business, Bramha Infotech Corporation ("Bramha").  On December 18, 2006, the defendants removed this action to this Court, alleging it has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  On February 17, 2007, Kedia filed the present Motion for Remand, arguing that there is no diversity of citizenship.  Briefing on the matter now complete, the Court will address the pending motion.

## II.  DISCUSSION

### A.  Standard of Review

Civil actions may be removed to the district court only if it would have had original subject matter jurisdiction over them.  28 U.S.C. § 1441(a).   Section 1332(a) provides that subject matter jurisdiction may be based on diversity of citizenship,

> where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States (2) citizens of a State and citizens or subjects of a foreign state; [and] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . ..

The moving party "bears the burden of showing that federal subject matter jurisdiction exists, that removal was timely and that removal is proper."  *Boyer v. Snap-On Tools Corp.*, 913

F.2d 108, 111 (3d Cir. 1990).  Courts strictly construe the removal statutes "against removal and all doubts are to be resolved in favor of remand." *Id*. at 111.  If an action is not properly removed, it must be remanded to the State court from which it was removed.  28 U.S.C. §1447(c).

### B.  Whether there is Diversity of Citizenship Pursuant to Section 1332(a)

#### 1.  The Parties' Arguments

Kedia argues that Keshari is a citizen of New Jersey for purposes of diversity jurisdiction because he resides and works in New Jersey.  (Pl.'s Br. at 4.)  Kedia concludes that because he is also a citizen of New Jersey, there is no diversity of citizenship.

In his Reply Brief, Kedia fails to follow up on his allegations concerning Keshari's New Jersey citizenship, and, instead, argues that he is a citizen of both India and New Jersey.  Kedia reasons that as a permanent-resident alien domiciled in New Jersey, he is entitled to this dual-citizenship status.  Kedia admits that pursuant to the Third Circuit Court of Appeals' precedent, he is a citizen of New Jersey only.  However, he argues that this Court should not follow this precedent because several courts outside of the Third Circuit have rejected it.  (Pl.'s Reply Br. at 6-7.)

The defendants argue that Keshari is an alien for purposes of diversity jurisdiction.  Defendants explain that because Keshari is in this country on immigration work status and does not have permanent resident status, he cannot be considered a citizen of any American State.  (Defs.' Br. at 4-5.)  The defendants agree that Kedia is a citizen of New Jersey for purposes of diversity jurisdiction because he is a permanent resident domiciled in New Jersey.

### 2.  Applicable Case Law

The issue before this Court is whether there is diversity of citizenship between a plaintiff who is a permanent-resident alien domiciled in New Jersey, a defendant who is an American citizen domiciled in Massachusetts and a second defendant who is a non-permanent-resident alien also domiciled in New Jersey.  The Court will not consider the arguments Kedia raised for the first time in his Reply Brief.  *See Dana Transport v. Ableco Finance*, 2005 WL 2000152, *6 (D.N.J. Aug. 17, 2005) ("arguments raised for the first time in defendant's reply brief will be disregarded.")  A reply brief is an advocacy tool that is not provided for in the Rules of Civil Procedure.  It is made available to moving parties by L.Civ.R. 7.1 for the limited purpose of responding to the opposition brief or explaining the moving party's original position.  *Harbour Cove Marine Services v. Rabinowitz*, 2005 WL 1038957, *4 (D.N.J. May 3, 2005).  "The rationale for this rule is self-evident-because the local rules do not permit sur-reply briefs, *see* L.Civ.R. 7.1(d), a party opposing [the motion] has no opportunity to respond to newly minted arguments contained in reply briefs."  *Bayer A.G. v. Shein Pharmaceutical*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd* 301 F.3d 1306 (3d Cir. 2002).

Section 1332(a) requires complete diversity of citizenship, i.e., all plaintiffs must be of diverse citizenship from all defendants.  *See, e.g., Singh v. Daimler-Benz AG*, 9 F.3d 303, 305 (3d Cir. 1993).  The complete diversity requirement is imposed by Congress.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806) (interpreting the precursor to Section 1332(a) to require complete diversity.)  Article III of the Constitution merely requires minimal diversity, i.e., at least one plaintiff must be of diverse citizenship from one defendant.  *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967) (noting the complete diversity requirement is

statutory and Article III requires minimal diversity.)

The minimal diversity and complete diversity requirements have traditionally been construed to apply to aliens.  *Singh*, 9 F.3d at 305.  The Supreme Court early construed minimal diversity to require that when an alien is a party to a lawsuit, at least one citizen must be the opposing party.  *Id.* (citing *Mossman v. Higginson*, 4 U.S. 12,14 (1800).)  Also, prior to the 1988 amendment to Section 1332(a), the Third Circuit held that complete diversity was lacking when aliens were opposing parties in a lawsuit.  *See Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir. 1980) (holding that complete diversity was lacking in a lawsuit between an alien and a citizen co-plaintiffs and an alien defendant.)

In 1988, Congress added the following provision to Section 1332(a): "For the purposes of this section, . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."  The Third Circuit relied on this amendment in holding that there is diversity of citizenship pursuant to Section 1332(a)(3) in a lawsuit between a permanent-resident alien plaintiff, a non-permanent resident alien defendant and an American citizen defendant.  *Singh,* 9 F.3d at 312.

In *Singh*, the plaintiff was a citizen of India admitted to the United States for permanent residence and domiciled in Virginia.  *Id*. at 304.  The defendants were a German corporation and an American corporation incorporated in Delaware with its principal place of business in New Jersey.  *Id*.  The court held that the diversity requirement of Section 1332(a)(3) was satisfied: The suit was between "citizens of different states" because pursuant to the 1988 amendment, the plaintiff  was a citizen of Virginia and one of the defendants was a citizen of Delaware and New Jersey.  The suit also involved the "subject of a foreign state" as an additional party because the

German corporation was a non-permanent-resident alien. *Id*. at 310. The court pointed out that its holding satisfied Article III's minimal-diversity requirement because there was a citizen party and declined to extend its holding to cases involving only aliens. *Id*. at 312.

### 3. Kedia's Motion for Remand Should be Denied

The Court finds that it has subject matter jurisdiction over the present action pursuant to Section 1332(a)(3). This action is analogous to *Singh*. It is between "citizens of different states": Kedia is a citizen of New Jersey because he is a permanent-resident alien domiciled in New Jersey, and Jamal is a citizen of Massachusetts because he is an American citizen domiciled in Massachusetts. Also, this action involves a "subject of a foreign state" as an additional party: Contrary to Kedia's argument, Keshari is a subject of India because he is in this country pursuant to an Employment Authorization Card and is not a permanent-resident alien. *See Kato v. County of Westchester*, 927 F. Supp. 714, 716 (S.D.N.Y. 1996) (holding that an individual who is present in the United States on a temporary, non-immigrant visa and is not admitted for permanent residence is considered an alien for diversity purposes.)

### III. CONCLUSION

For these reasons, Kedia's Motion for Remand is hereby DENIED. An appropriate form of order is filed herewith.

Dated: April 17, 2007

   s/ Garrett E. Brown, Jr.       
GARRETT E. BROWN, JR., U.S.D.J.
