NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NILESH KEDIA, | : |
| Plaintiff, | : Civ. No. 06-6054 (GEB) |
| v. | : MEMORANDUM OPINION |
| ALAN JAMAL and VINIT KESHARI, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendants Alan Jamal and Vinit Keshari's Motion to Dismiss or, in the alternative, to Transfer Venue to the United States District Court for the District of Massachusetts. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will deny the defendants' motion.

**I. BACKGROUND**

**A. The Parties**

Plaintiff Kedia is a citizen of India admitted to the United States for permanent residence and domiciled in New Jersey. (April 18, 2007, Opinion re: Motion for Remand at 1.) Kedia is the president, chief executive officer and sole shareholder of Bramha Infotech Corporation

1

("Bramha"). (Compl. ¶ 6.) Bramha is a staffing company that finds temporary or permanent employment placement for information technology consultants. (Compl. ¶ 6.) Prior to March 27, 2006, Kedia was also the vice president and minority shareholder of SoftwareArt Corporation ("SoftwareArt"), which also engages in information technology staffing. (Compl. ¶ 9.) SoftwareArt has a principal place of business in Wakefield, Massachusetts and at least one office in New Jersey. (Defs.' Brief Ex. A (Massachusetts Complaint) ¶ 1, 15.)

Alan Jamal is an American citizen domiciled in Massachusetts. (April 18, 2007, Opinion re: Motion for Remand at 1.) Jamal is the president and majority shareholder of SoftwareArt. (Compl. ¶ 11.)

Vinit Keshari is a citizen of India admitted to the United States on non-permanent, immigration work status. (April 18, 2007, Opinion re: Motion for Remand at 1.) Keshari is domiciled in New Jersey. *Id*. at 1-2. He is a SoftwareArt employee. (Compl. ¶ 9.)

B. The Massachusetts Action

In 2002, Jamal brought Kedia into SoftwareArt to run its daily operations. (Defs.' Brief at 2.) The parties executed a Shareholder Agreement that delineated Kedia's responsibilities to SoftwareArt and granted Kedia a 40% ownership interest in the company. (Defs.' Brief Ex. A (Massachusetts Complaint) ¶ 10-11.) Subsequently, the parties' business relationship deteriorated, and on March 31, 2006, SoftwareArt and Jamal filed a lawsuit against Bramha and Kedia in Massachusetts Superior Court, alleging that Kedia formed Bramha, a directly competing entity, while in the employ of SoftwareArt and that he diverted funds, employees and corporate resources from SoftwareArt to Bramha. (Pl.'s Brief at 2.) On April 11, 2006, Kedia and Bramha

2

removed that action to the United States District Court for the District of Massachusetts. *Id*. at 3.

On May 15, 2006, Kedia and Bramha filed various counterclaims in the Massachusetts action against SoftwareArt and Jamal. (Defs.' Brief Ex. B (Counterclaim).) The issue presented here concerns Kedia's tortious-interference-with-economic-advantage counterclaim. *Id*. ¶¶ 79-83. In that counterclaim, Kedia alleges that Jamal and SoftwareArt re-routed Bramha's business prospects to SoftwareArt or Maxima Consulting Group ("Maxima"), another information technology staffing firm owned solely by Jamal; diverted Bramha's consultants to work for SoftwareArt or Maxima; used Bramha's funds to pay SotwareArt or Maxima's expenses and damaged Kedia's reputation by telling Bramha's consultants that Kedia was fired for "malpractice." *Id*. ¶¶ 53, 82.

After the filing of the initial pleadings, the parties in the Massachusetts action engaged in a lengthy period of discovery. (Pl.'s Brief at 3.) They filed several discovery-related motions, and because of complex discovery disputes, the discovery deadline was extended for an additional seven months. (Defs.' Brief at 3-4.) During the course of the discovery, Kedia allegedly discovered documents and information that led to the filing of this action. (Pl.'s Brief at 3.) He allegedly learned that on August 5, 2006, Jamal and Keshari circulated an electronic mail message to SoftwareArt's employees, ex-employees and subcontractors, stating that Kedia defrauded and embezzled from SoftwareArt and that he lied to everyone. *Id*.

### C. The Present Action

On November 8, 2006, Kedia filed the present action against Jamal and Keshari seeking damages solely for the statements allegedly made in the aforementioned electronic mail. *Id*. The

Complaint consists of two claims: defamation and business disparagement.  On January 10, 2007, Defendants filed the present Motion to Dismiss or, in the alternative, to Transfer to the District of Massachusetts pursuant to the "first-filed" rule.  Briefing on the matter now complete, the Court will address the pending motion.

## II. DISCUSSION

The two issues presented before the Court are: whether the "first-filed" rule applies and whether 28 U.S.C. § 1404(a) warrants the transfer of this action to the District of Massachusetts.

### A. Whether the "First-Filed" Rule Applies

#### 1. The Parties' Arguments

Defendants argue that the tortious-interference-with-economic-advantage counterclaim currently pending in the District Court for the District of Massachusetts is "identical" to the defamation and business disparagement claims pending in this court.  (Defs.' Brief at 6.)  Specifically, Defendants argue that these involve the same issue: whether Jamal and Keshari disseminated statements that harmed Kedia's professional reputation.  (Defs.' Reply at 3.)  Defendants acknowledge that Keshari is named as a party in this action but not in the Massachusetts action.  *Id*.  However, they argue that there is nevertheless an "identity" of the parties because the Massachusetts counterclaim is directed at "Mr. Jamal and /or other agents or employees of Software Art" and Keshari is a SoftwareArt employee.  *Id.*

Kedia argues that the counterclaim is not parallel to the present claims because the former focuses on Jamal and SoftwareArt's interference with Bramha's business operations while the

latter focus on the harm that Jamal and Keshari's statements have inflicted on Kedia's professional reputation. *Id*. Kedia also argues that there is no identity of the parties because Keshari is not a party to the Massachusetts action. (Opp. Brief at 10, fn. 3.)

### 2. Applicable Case Law

The "first-filed" rule comes into play when two actions involving the same parties and issues are filed in different federal courts. *See Triangle Conduit & Cable Co. v. National Elec. Products Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942). The first-filed rule gives a court the power to enjoin, dismiss or transfer "the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *EEOC v. University of Pennsylvania,* 850 F.2d 969, 971 (3d. Cir. 1988), *aff'd*, 493 U.S. 182 (1990); *see also Lawrence v. Xerox Corp.*, 56 F.Supp.2d 442, 455 (D.N.J. 1999) (transferring action pursuant to first-filed rule). The purpose of this rule is to encourage sound judicial administration and to promote comity among the federal courts by avoiding duplicative litigation. *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principal is to avoid duplicative litigation"); *EEOC*, 550 F.2d at 971.

"The letter and spirit of the first-filed rule is grounded on equitable principles"; therefore a court is not compelled to mechanically apply it. *EEOC*, 550 F.2d at 976-77. While exceptions to the rule are rare, a court may decline to apply it in extraordinary circumstances or to prevent inequitable conduct, bad faith and forum shopping. *Id*. at 976.

Some circuits have interpreted the first-filed rule liberally, applying it when two actions involve a "similarity of core issues" or a "closely related question." *See, e.g.*, *West Gulf*

*Maritime Assn. v. I.L.A. Deep Sea Loc. 24*, 751 F.2d 721, 729 (5th Cir. 1985) (using "similarity of core issues" standard); *Wash. Metro. Area Transit Auth. v Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (affirming dismissal of second-filed action where first-filed action presents a "closely related question.").

However, the Third Circuit Court of Appeals has interpreted the "first-filed" rule narrowly, holding that it only applies to "truly duplicative" proceedings. *Martin v. Townsend*, 1990 WL 159923, at *4 (D.N.J. Oct. 15, 1990) (explaining courts' divergent interpretations of "first-filed" rule.); *see also Compl. of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980) ("It is important to note, however, that only truly duplicative proceedings be avoided. When the claims, parties or requested relief differ, deference may not be appropriate); *Lexington Ins. Co. v. Caleco, Inc.*, 2003 WL 21652163, at *5 (D. Pa. Jan. 25, 2003) (relying on *Complaint of Bankers Trust Co.'s* "truly-duplicative- proceedings" requirement to deny motion to dismiss or transfer subsequently filed action where previously filed action involved some overlapping issues but was not "truly duplicative").

### 3. The "First-Filed" Rule Does not Apply

The "first-filed" rule does not apply to the present action because there is no identity of the parties. Keshari is named as an individual defendant in this action but not in the Massachusetts action. Therefore, the two actions are not "truly duplicative." Contrary to the defendants' argument, the fact that Keshari is indirectly implicated in the Massachusetts action as an employee of SoftwareArt does not mean there is an identity of the parties. In this action, Kedia can pursue a remedy against Keshari personally, whereas in the Massachusetts action he

cannot. Because the Court finds that there is no identity of the parties, there is no need to address whether there is an identity of the issues.

### B. Whether Transfer of this Action is Proper Pursuant to Section 1404(a)

#### 1. The Parties' Arguments

Defendants argue that Massachusetts has jurisdiction over the present action, and, therefore, Kedia could have filed the Complaint there. (Defs.' Reply at 6.) Defendants have not addressed whether Massachusetts has personal jurisdiction over Keshari.

Kedia argues that Defendants have failed to meet their burden of establishing that Massachusetts has personal jurisdiction over Keshari.

#### 2. Applicable Case Law

Section 1404(a) authorizes a district court to transfer a case to any other district where venue is proper "[f]or the convenience of the parties and witnesses, in the interest of justice . . .." The purpose of Section 1404(a) is to avoid the waste of time, energy and money, and to prevent litigants, witnesses and the public from incurring avoidable inconvenience and expense. *Tischio v. Bontex, Inc.*, 16 F.Supp.2d 511, 518 (D.N.J. 1998); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 479 (D.N.J. 1993); *American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F.Supp. 1294, 1305 (D.N.J. 1990).

The party seeking the transfer bears the burden of proving that it is proper. *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989); *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). Transfer is proper,

7

> only if the plaintiff had an unqualified right to bring the action in the transferree forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants.

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970), *cert. denied*, 401 U.S. 910 (1971). Typically, this requirement is satisfied when the defendants are "'amenable to process'" in the transferee forum." *Bhatnagar v. Surrendra Overseas Ltd., et al*, 52 F.3d 1220, 1227 (3d Cir. 1995) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1982)).

Thus, the Court will address the threshold issue of whether the present action could have been brought in the District of Massachusetts.

### 3. This Action Should not be Transferred

This action should not be transferred to the District of Massachusetts because it could not have been brought there. Defendants have failed to meet their burden of proving that Keshari is amenable to process in Massachusetts. Even though Kedia argued in his Opposition Brief that it is not clear whether Massachusetts has personal jurisdiction over Keshari, Defendants failed to address this issue in their Reply.

Keshari is a non-resident alien who is domiciled in New Jersey. (April 18, 2007, Opinion re: Motion for Remand at 1-2.) The parties' moving papers and affidavits do not shed light on whether Keshari has any contacts with Massachusetts. Because Defendants have not met their burden of proof on this threshold issue, there is no need to address the other factors of the Section 1404(a) analysis.

## III.  CONCLUSION

   For these reasons, Defendants' Motion to Dismiss or, in the Alternative, to Transfer is hereby denied.  An appropriate form of order is filed herewith.


Dated: April 25, 2007


                  <u>   s/ Garrett E. Brown, Jr.          </u>
                  GARRETT E. BROWN, JR., U.S.D.J.